IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

**FILED**
OCT 26 2017
Clerk, U.S Courts
District Of Montana
Missoula Division

| | |
|---|---|
| METHOD, LLC, a Washington, Limited Liability Company dba METHOD HOMES; and METHOD CONTRACTING, LLC, a Washington Limited Liability Company, | CV 17–25–M–DLC |
| Plaintiffs, | ORDER |
| vs. | |
| MAKE IT RIGHT FOUNDATION, a Delaware Corporation; MAKE IT RIGHT-MONTANA, LLC, a Delaware Limited Liability Company; MIR MONTANA, LLC, a purported Montana Limited Liability Company; MIR INNOVATIONS, LLC, a Delaware Limited Liability Company; MAKE IT RIGHT FOUNDATION dba MIR MONTANA; MIR INNOVATIONS, LLC dba MIR MONTANA; SAMUEL WHITT dba MIR MONTANA; JOHN DOES 1-50; and ABC BUSINESSES 1-20, | |
| Defendants. | |

On July 27, 2017, the Court issued an order staying this case through

November 27, 2017, after the parties voluntarily agreed to attempt resolution

through binding arbitration. (Docs. 23; 24.) On September 27, 2017, Plaintiffs

-1-

filed a Motion to Lift Stay and Request to Set Preliminary Pretrial Conference. (Doc. 25.) Defendant Samuell Whitt ("Whitt"), acting pro se, filed a response to Plaintiffs' Motion on October 11, 2017, objecting to lifting the stay and arguing for his dismissal as a Defendant. (Doc. 31.) Make It Right Foundation, Make It Right-Montana, LLC, MIR Montana, LLC, MIR Innovations, LLC, Make It Right Foundation d/b/a MIR Montana, and MIR Innovations, LLC d/b/a MIR Montana (collectively the "MIR Defendants") filed a response on October 18, 2017, stating that they "do not oppose setting this matter for a status conference and do not oppose lifting the previously-stipulated stay in order to complete briefing on their Motion to Compel Arbitration." (Doc. 40 at 2.) For the following reasons, the Court will lift the stay, set filing deadlines, and schedule a preliminary pretrial conference.

The MIR Defendants do not oppose lifting the stay. (Doc. 40.) However, Whitt opposes lifting the stay because he contends he "should not be named as a Defendant in this matter," and maintaining the stay will better serve him by allowing Plaintiffs and the MIR Defendants to "resolve their disputes in a manner that does not require Whitt to continue to incur the time and expense necessary to . . . participate in court proceedings." (Doc. 31 at 13.) Whitt's response does not address any other reasons against lifting the stay. Plaintiffs reply that Whitt's

concerns are common "to any party to a lawsuit" but argue that "the case cannot remain stayed forever in the hopes that the parties resolve their disputes for Whitt's sake." (Doc. 41 at 2.) Plaintiffs argue that to the extent that Whitt's response can be construed as either a motion to dismiss or motion for summary judgment, such motion is not properly before the Court and is improper while the case is stayed. (*Id.*) The Court agrees. Whitt has utilized his Response to Plaintiffs' Motion to Lift Stay to raise the issue of whether he should be named as a Defendant in the case. The resolution of such an issue must be reserved until an appropriate motion is filed with the Court at a time when such an issue may be decided—after the stay has been lifted.

The Court will order a Preliminary Pretrial Conference in December 2017 in a separate order. Accordingly,

IT IS ORDERED as follows:

(1) Plaintiffs' Motion to Lift Stay and Request to Set Preliminary Pretrial Conference (Doc. 25) is GRANTED;

(2) The STAY of this matter is lifted;

(3) Plaintiffs shall file a response to the MIR Defendants' Motion to Arbitrate (Doc. 13) and any reply to the MIR Defendants' Response to Plaintiffs' Motion to Remand (Doc. 22) by November 9, 2017.

Dated this 26th day of October, 2017.

Dana L. Christensen, Chief Judge
United States District Court